**In re Al and Sharone SMITH, d/b/a Smith Thoroughbred Farms.**

**Bankruptcy No. 92–16277 S.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

July 20, 1992.

Al and Sharone Smith, pro se.

K. Leanne Daniel, Arkadelphia, Ark., for First State Bank of Gurdon, Ark.

Renee Williams, Hot Springs, Ark., for debtors.

ORDER DENYING REQUEST FOR ADDITIONAL TIME TO FILE SCHEDULES AND DISMISSING CHAPTER 11 CASE

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Request for additional time to file plan and schedules and permission to acquire a new debt filed by the debtors, *pro se*, in the above Chapter 11 case. The Court has reviewed debtors' file as well as two previous bankruptcy cases filed by the debtors, namely, *Al and Sharone Smith; 91–16491 S* and *Al and Sharone Smith, d/b/a Smith Thorough-*

*bred Farms; 92–16171 S.* The files reveal the following:

*Al and Sharone Smith; 91–16491 S:*

1. The debtors filed a Chapter 12 skeleton petition on December 9, 1991. The Court entered an Order of Deficient Filing and the required documents were due December 24, 1991.

2. On December 17, 1991, the debtors filed a Motion to Extend Time to file their schedules and this was granted by Order entered December 19, 1991, giving the debtors to January 15, 1992, to file their schedules.

3. The debtors missed two scheduled 341(a) meetings of creditors on January 21, 1992, and February 18, 1992, respectively.

4. On February 20, 1992, the Court entered a Notice of Opportunity to Respond and show cause why this case should not be dismissed for failure to attend the 341(a) meetings.

5. On February 25, 1992, the debtors filed a Motion to Dismiss their Chapter 12 case and an Order granting the Motion to Dismiss was entered February 26, 1992. The case was closed March 9, 1992.

*Al and Sharone Smith, d/b/a Smith Thoroughbred Farms; 92–16171S:*

1. The debtors, *pro se,* filed a skeleton Chapter 13 Petition in this case on April 7, 1992.[1]

2. The Court entered an Order of Deficient Filing and the required Chapter 13 schedules and statements were due April 22, 1992.

3. On April 21, 1992, the debtors filed a Motion to Extend Time to file schedules and this was granted by Order of the Court on May 7, 1992. The debtors were given to May 22, 1992, to file the documents. The Order stated that the case would be dismissed without further notice or hearing if the debtors failed to file the documents within said time.

4. The debtors failed to attend a 341(a) meeting of creditors on May 19, 1992.

5. On May 28, 1992, this Chapter 13 case was dismissed for failure to file the Chapter 13 plan and Notice of Opportunity to Object.

6. On June 15, 1992, the debtors filed a Motion to Reinstate. The Motion was heard on June 30, 1992.[2] The debtors failed to appear at the hearing and the Motion to Reinstate was denied by Order of the Court on July 2, 1992.

The file and records in the current case pending before the Court, Case No. 92–16277 S, reveal the following:

1. The debtors, *pro se,* filed a skeleton Chapter 11 petition on June 30, 1992.[3]

2. An Order of Deficient Filing was entered June 30, 1992, giving the debtors to July 15, 1992, to file the remaining documents.

3. First State Bank of Gurdon, Arkansas filed a Motion to Dismiss or In the Alternative Convert to Chapter 7 on July 13, 1992. This Motion is still pending.

4. On July 15, 1992, the debtors filed a Request for Additional Time to file schedules which is presently before the Court.

5. On July 17, 1992, the U.S. Trustee filed a Motion to Dismiss this Chapter 11 case.

■ The debtors' attention is directed to the provisions of Rule 9011, Federal Rules of Bankruptcy Procedure, which require a good faith basis for the filing of every petition. This is the third successive case filed by the debtors. The Court notes that the second and third petitions filed by the debtors, *pro se,* were filed in contravention of 11 U.S.C. § 109(g)(1).

■ The Court, after reviewing the debtors' request for additional time to file

---

**1.** This case was filed less than one month after Case No. 91–16491 S was closed.

**2.** First State Bank of Gurdon filed a Response objecting to the Motion to Reinstate.

**3.** This case was filed the same day the debtors were directed to appear at a hearing on their Motion to Reinstate Case No. 92–16171 S. Debtors failed to appear at the hearing.

schedules, does not find good cause shown why the debtors' request should be granted. Further, 11 U.S.C. § 105 empowers a bankruptcy court to enjoin future filings to prevent abuse of the bankruptcy process. It is hereby

ORDERED that the request for additional time to file schedules and acquire new debt is DENIED. It is further

ORDERED that this Chapter 11 case is DISMISSED. It is further

ORDERED that the Motion to Dismiss or, In the Alternative, Convert to Chapter 7 filed by the First State Bank of Gurdon, Arkansas, and the Motion to Dismiss filed by the U.S. Trustee are MOOT. It is further

ORDERED that pursuant to 11 U.S.C. § 109(g)(1), the debtors are prohibited from filing another petition-in-bankruptcy before 180 days after entry of this Order. Further pleadings or petitions filed in contravention of the Bankruptcy Code or otherwise lacking indicia of good faith will result in a hearing pursuant to Rule 9011, Federal Rules of Bankruptcy Procedure.

IT IS SO ORDERED.